IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Edwin Allen Stoltenberg*
Case No. 3:18-cr-00109-01-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter is before the Court on Defendant Edwin Allen Stoltenberg's "Motion for Reconsideration and in the Alternative Notice of Objection" (the "Motion").[1] Stoltenberg requests the Court reconsider its Order granting the Government's Motion to Quash Subpoena.[2] For the reasons discussed below, Stoltenberg's Motion is **DENIED**.

Although the Federal Rules of Criminal Procedure do not contain a provision that provides for motions for reconsideration, "[c]ourts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."[3] The Ninth Circuit counsels that reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[4] The Court may reconsider an order only "where: '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced.'"[5]

Here, the Motion does not present grounds for reconsideration. Stoltenberg does not object to the Court's recitation of the law.[6] Nor does Stoltenberg identify new facts that the Court had not already considered. Instead, Stoltenberg reiterates his allegation that the confidential informant in this case (the "CI") had robbed Stoltenberg's apartment after his arrest.[7] This, he contends, calls into question the CI's credibility.[8] However, as the Court explained in its Order, the CI's actual

---

[1] Dkt. 445 (Motion).
[2] Dkts. 441 (Order); 234 (Motion to Quash).
[3] *United States v. Mendez*, No. CR-07-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. Jun. 25, 2008)
[4] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313 at *1 (D. Alaska Mar. 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 1993)). *See also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Richey v. Borough*, No. 3:14-cv-00170-JWS, 2015 WL 1962880, at *1 (D. Alaska April 30, 2015) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").
[5] *Mills v. Wood*, No. 4:10-CV-00033-RRB, 2016 WL 10651094 at *1 (D. Alaska Dec. 1, 2016) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)).
[6] Dkt. 445 at 1.
[7] *Id.* at 2; Dkt. 219 at 14 (Motion to Suppress).
[8] Dkts. 219 at 14; 445 at 2.

1

motivations are not relevant to issues raised in Stoltenberg's Motion to Suppress.[9] The Motion to Suppress turns on what the arresting officers knew at the time of Stoltenberg's arrest, the legal sufficiency of an affidavit filed in support of a search warrant, what the affiant law enforcement officers knew at the time they filed the affidavit, and whether law enforcement officers tainted evidence.[10] There is no indication that that the CI has probative information on any of these issues. Therefore, the Court finds that its analysis is not "clearly erroneous."[11]

However, as the Court has previously stated, the fact that the CI has no relevant testimony on the issues presented in the Motion to Suppress does not mean that the CI has no relevant testimony as to the underlying charges against Stoltenberg.[12] The Sixth Amendment guarantees Stoltenberg's right to confront witnesses brought against him at trial—including "testimonial" out-of-court statements introduced at trial.[13] The Government has not indicated that it plans to call the CI as a witness or otherwise incorporate the CI's testimonial statements at trial.[14] Therefore, Stoltenberg's confrontation rights under the Sixth Amendment are not implicated here.[15]

Accordingly, Stoltenberg's Motion at Docket 445 is **DENIED**. Stoltenberg's objection to the Court's Order at Docket 441 is noted.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 6, 2020.

---

[9] *See generally*, Dkt. 441.
[10] *Id.* at 7–9.
[11] *See Mills*, 2016 WL 10651094 at *1.
[12] *Id.* at 9 ("If the CI's testimony would be relevant at a later motion hearing or at trial, the Court will reconsider whether disclosure should be required at that time.").
[13] *See e.g.*, *Crawford v. Washington*, 541 U.S. 36, 50 (2004).
[14] Dkt. 234 at 2.
[15] As before, if the CI's testimony becomes relevant in a future motion or if the CI's statements are introduced at trial, the Court will reconsider whether disclosure should be required at that time.