# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>vs.<br><br>EDWIN ALLEN STOLTENBERG,<br><br>                               Defendant. | 3:18-cr-00109-TMB-MMS<br><br>**FINAL REPORT AND RECOMMENDATION ON "PROPOSED MOTION TO DISMISS FOR LACK OF "JURISDICTION""**[1] |

On January 27, 2021, the defendant, Edwin Allen Stoltenberg, aka Jessie Wayne Ripley [hereinafter, Ripley], filed a motion captioned ""Jurisdiction"" [internal quotations original".[2] The defendant asserts that this Court lacks jurisdiction to hear his case, and therefore demands that it be dismissed. The Government responded in opposition to the defendant's motion on February 2, 2021.[3]

For the reasons set forth below, the defendant's motion should be DENIED.

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge, who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

[2] Dkt. 594-1. The court notes that this motion was docketed by Gregory Heritage, counsel for Mr. Ripley. As noted at Docket 594, the motion is filed by Mr. Ripley "in proper person", i.e. *pro se*. The court acknowledges and thanks Mr. Heritage for his courtesy in assisting the defendant to make this *pro se* filing.

[3] Dkt. 595.

## I. Factual Background.

Ripley is charged by superseding indictment with various drug and firearms offenses.[4] His case was first indicted on September 20, 2018.[5] Since that time, he has, by turns, been represented by appointed counsel, represented himself, and more recently, followed a scheme of 'hybrid representation' in which he continued to be represented by counsel, but was given leave by the court to file certain pleadings that, in his attorney's professional judgment, were not well grounded in fact or law.[6] Without exception, Ripley's filings [not those made by this attorney on his behalf] present claims or arguments that are not cognizable under the law. Many of them present what could broadly be termed 'sovereign citizen' arguments.[7] It is noted that Ripley disavows the sovereign citizen label.

## II. Discussion.

In the instant filing, Ripley cites a single authority in support of his argument, *Williams v. United States*, 77 L.Ed. 1372 (1933). This case can only be described as inapposite to the case at bar. His motion further relies on a "1993 investigation by

---

[4] Dkt. 207.

[5] Dkt. 2.

[6] Examples of the Defendant's self-filed motions include: Motion Waiving Right to Counsel Enter Sworn Affidavit of Mistake Into the Record as Evidence and Revoke and Remove Not Guilty Plea Immediately [Dkt. 100]; Claim Against the Federal Government [Dkt. 155]; Non-Negotiable Accepted for Value Approved for Payment [Dkt. 157]; Admit Attached Affidavit Into Evidence and Request for Immediate Identify Hearing [Dkt. 543]; Compel Criminal Charges on Officers Involved in the Illegal Intercepts of Attorney Client Phone Calls [Dkt. 576].

[7] For a discussion of the sovereign citizen movement, see https://en.wikipedia.org/wiki/Sovereign_citizen_movement.

the CIA" for the proposition that this Court lacks jurisdiction to hear his case. Details of this CIA investigation are not provided in the "Jurisdiction" motion.[8] Ripley concludes that this Court "is without jurisdiction and must <u>now</u> dismiss the foregoing immediately"[9] [emphasis original].

The Government correctly points out that courts have uniformly rejected defendants' theories concerning lack of jurisdiction based on status as a 'sovereign citizen'[10].

### a. This Court has Personal Jurisdiction over the Defendant.

A district court has personal jurisdiction over a defendant simply by virtue of the defendant being brought before it, and charged with a federal offense.[11] "The personal presence of a defendant before a District Court gives that court complete jurisdiction over him, regardless of how his presence was secured"[12]. Here, Ripley has appeared before this court at regular intervals since his arrest and initial appearance in 2018. His appearances number in the dozens. It is beyond dispute that this Court has personal jurisdiction over him.

---

[8] It is also not apparent how or why the nation's top foreign-intelligence gathering agency would be rendering opinions about the jurisdiction of federal courts within the borders of the United States. For CIA mission, *see* https://www.cia.gov/about/mission-vision/.
[9] Dkt. 594-1. It is not evident from defendant's argument that if he were correct that this court, in fact, lacked jurisdiction, how it could dismiss a case over which it did not have purview.
[10] Dkt. 595.
[11] *See, United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).
[12] *See, Stamphill v. Johnston,* 136 F.2d 291, 292 (9th Cir. 1943).

3
3:18-cr-00109-TMB-MMS
*US v. Stoltenberg, et al.*
Case 3:18-cr-00109-SLG-MMS   Document 616   Filed 02/22/21   Page 3 of 5

### b. This Court has Subject Matter Jurisdiction over the Instant Offenses.

Federal courts are courts of limited jurisdiction.[13] There must, therefore, be specific subject-matter jurisdiction for a criminal case to proceed federally.[14] There are a variety of pathways by which a criminal case can become federal, one being 8 U.S.C. 3231, which provides that federal district courts "shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." Federal courts, therefore, have original criminal jurisdiction over the federal criminal laws promulgated by Congress.

Here, the defendant faces a superseding indictment which alleges violations under Titles 18 and 21 of the United States Code, a body of law, it need hardly be said, passed by Congress.[15] Again, it cannot be disputed that this Court has subject matter jurisdiction over these offenses.

### III. Conclusion.

For the foregoing reasons, this Court recommends Ripley's motion to dismiss for lack of jurisdiction be DENIED with prejudice.

DATED this 22nd day of February, 2021, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
U.S. MAGISTRATE JUDGE

---

[13] *See, Marks*, 530 F.3d at 810.
[14] *Id*.
[15] Dkt. 207.

4

3:18-cr-00109-TMB-MMS
*US v. Stoltenberg, et al.*
Case 3:18-cr-00109-SLG-MMS   Document 616   Filed 02/22/21   Page 4 of 5

Pursuant to Fed. R. Crim. P. 59(b)(2) and D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this final finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on **March 8, 2021**. Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered first by the District Court Judge, who will then accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the **CLOSE OF BUSINESS** on **March 15, 2021**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). **The shortened objection and response deadlines are necessary due to the looming trial date. D. Alaska Loc. Mag. R. 6(a) authorizes the Court to alter the standard objection deadlines.**

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

5

3:18-cr-00109-TMB-MMS
*US v. Stoltenberg, et al.*
Case 3:18-cr-00109-SLG-MMS   Document 616   Filed 02/22/21   Page 5 of 5