UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

EDWIN ALLEN STOLTENBERG,

                Defendant.

3:18-cr-00109-TMB-MMS

**ORDER ON MOTION TO RETURN PROPERTY [Dkt. 299].**

## I. ISSUE PRESENTED

Defendant Edwin Allen Stoltenberg ("Stoltenberg") has been charged, by superseding indictment, with Possession with Intent to Distribute Controlled Substances; Carrying a Firearm During and in Relation to a Drug Trafficking Crime; Felon in Possession of a Firearm or Ammunition (two counts); and Access Device Fraud. [Dkt. 207]. On August 2, 2019, the Government notified Stoltenberg, defense counsel, and the District Court that it had inadvertently come into possession of recordings of ten potentially privileged jail calls between Stoltenberg and an attorney.[1] [Dkt. 177]. The Court has subsequently learned that the Government had access to more than 10 *potentially privileged* jail calls, and that an FBI agent, Task Force Officer Curtis Vik, had listened to at least portions of 22 recordings of calls made by Stoltenberg to numbers associated with Attorneys Brad Carlson and Danee Pontius. [*See* Dkt. 457-1]. The issue of the

---

[1] Dkt. 356 at 8 (Transcript).

government's acquisition of *potentially privileged* attorney-client jail call recordings was referred to the undersigned magistrate judge.[2] [Dkt. 177].

On February 7, 2020, Stoltenberg, through counsel, filed a motion "[p]ursuant to Federal Rules of Criminal Procedure, Rule 41(g). . . [seeking a court order for] the return of property consisting of the accessed phone recordings between Mr. Stotlenberg [*sic*] and the Attorneys Bradly Carlson, Danee Pontius, and John Cashion[3] to enable defendant to prepare for the pending evidentiary hearing." [Dkt. 299 at 1]. In the motion, Stoltenberg stated that such a court order was required because the Government had previously reported, when served with a subpoena for the recordings, that the recordings had been "purged, deleted, and destroyed." [Dkt. 299 at 2].

On February 14, 2020, at Dkt. 305, the Government filed a Response in opposition to Stoltenberg's motion to return property. [Dkt. 299]. In the Response, the Government argued that, because Stoltenberg neither owned, nor was legally entitled to possess, the recordings, and the purpose of F.R.C.P. Rule 41(g) is to provide "an avenue for defendants to seek to recover property unlawfully searched and seized by the government," the motion should be denied.[4] The Government also argued that the motion should be denied on other grounds, among them: 1) "the government did not unlawfully search for and seize the

---

[2] Dkt. 356 at 13, lns. 18-20 (Transcript of August 2, 2019 Status Conference).

[3] The reference to a phone recording between Stoltenberg and John Cashion appears to be in err. A phone call was made to the Law office of Cashion Gilmore, but—based upon this Court's in-camera review of the call, provided to this Court at Dkt. 341, along with 12 other call recordings—it was placed by another inmate, using Stoltenberg's pin.

[4] Dkt. 299 at 1-2. (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991), in support of its assertion that the Court "may deny Stoltenberg's motion if he is not entitled to lawful possession of the audio recordings."). The Government argued that

*U.S. v. Stoltenberg*
3:18-cr-00109-TMB-MMS
Order on Motion to Return Property  Page 2
Case 3:18-cr-00109-TMB-MMS   Document 657   Filed 07/27/21   Page 2 of 6

recordings," because its access was inadvertent and with the permission of SECURUS, the lawful possessor of the recordings; 2) "the calls were not privileged attorney-client communications because they occurred over a monitored line;" 3) "even if they were privileged, Stoltenberg likely waived the privilege because an automated message at the start of each call warned Stoltenberg and the attorneys that the call was subject to being monitored and recorded;" and 4) "Stoltenberg has not been prejudiced because no one who accessed any of the calls gleaned trial strategies or other sensitive information and communicated it to the prosecutors in this case." [Dkt. 305 at 2.].

Hearings on motions relating to the potentially privileged jail calls containing attorney-client communications were held on August 12, 2019; September 11, 2019; September 25, 2019; October 8, 2019; October 28, 2019; and March 9, 2020. [Docs. 179, 194, 221, 222, 226, 238, 330]. On March 17, 2020, at Dkt. 349, this Court held an evidentiary hearing on Stoltenberg's Motion for Return of Property, at Dkt. 299, that focused upon the question of "when the calls were purged and whether or not that was done in violation of a court order." [Dkt. 373 at 9, lns. 4-5].

On March 16, 2020, in compliance with this Court's order at a March 9, 2020 status conference [Dkt. 330], the Government provided this Court with recordings of nine calls to Danee Pontious' telephone number, one to Dunnington Babb's (of the Cashion Gilmore law office) telephone number, and three with Bradley Carlson's telephone number, for in camera review.[5] [Dkt. 341]. On April 24, 2020, this Court issued an order on its in-camera

---

[5] *See* Dkt. 420 at 2 for table identifying the calls provided to court.

*U.S. v. Stoltenberg*
3:18-cr-00109-TMB-MMS
Order on Motion to Return Property　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 3:18-cr-00109-TMB-MMS　　Document 657　　Filed 07/27/21　　Page 3 of 6

review of those 13 calls, concluding that they "do not contain material information related to defense preparation, plea negotiations, or discovery review, and THEREFORE, do not contain sensitive information." [Dkt. 375 at 4]. The Government subsequently, at a June 4, 2020 hearing, confirmed that those 13 calls had "all been provided in discovery to the defendant." [Dkt. 433 at 8].

For the foregoing reasons, the motion at Dkt. 299 is DENIED as MOOT.

## II. BACKGROUND.

Batches 1, 2, and 3 of the call recordings[6] have already been provided to Stoltenberg.[7] The Government has acknowledged that there were calls—outside of batches 1, 2, and 3—between Stoltenberg and Attorney Bradly Carlson "that were accessed both by the FBI and the Department of Corrections" but that were not included in the three batches because, per the Government, they were not produced to the U.S. Attorney's office.[8]

---

[6] At the August 12, 2019 status conference, the batches of phone calls were identified as Batch 1 (June 26 to July 24, 2018); Batch 2 (July 25 to December 6, 2018); and Batch 3 (December 7, 2018 to the date of the hearing, August 12, 2019). Dkt. 337 at 18 (transcript of status conference). The ten potentially privileged calls originally identified by the U.S. Attorney's office were among the second batch of calls.

[7] *See* Dkt. 359 at 12, ln. 21 – 13, ln. 3 (Transcript of March 9, 2020 Status Conference):
> MR. CORSO [the Government]: Batches 1, 2, and 3 have now been produced to the defense. Batches 1 and 2 were produced by the U.S. Attorney's Office in the normal course of discovery. Batch 3, because we didn't want the calls in our office . . . we had the FBI give the calls directly to Mr. Heritage.

*See also Id.* at 14 ln. 13 ("MR. HERITAGE: I have Batch 1, 2, and 3.").

[8] Dkt. 359 at 13, lns. 10-11. *Id.* at 13, lns. 18-25:
> What our understanding is is Knapp[, of the Department of Corrections,] purged the calls, all the calls to Carlson from the system, or -- and instructed Securus to do so, and he did it several months before the jail call issue arose in these proceedings, so months before we were aware of the jail call issue.

*U.S. v. Stoltenberg*
3:18-cr-00109-TMB-MMS
Order on Motion to Return Property                                         Page 4
Case 3:18-cr-00109-TMB-MMS   Document 657   Filed 07/27/21   Page 4 of 6

According to the Government, the additional calls were purged by DOC prior to this Court's order to preserve the calls.[9]

### III. ANALYSIS.

Based upon the information provided to this Court, the Government currently possesses no recordings of Stoltenberg's jail calls beyond those which Stoltenberg already possesses. Stoltenberg's motion to return property is, accordingly, DENIED as MOOT.

While, because the motion is moot, it is unnecessary for this Court to engage in further analysis, the Court notes that, were the motion not moot, it would be denied for the reason that Rule 41(g) in not the appropriate avenue for Stoltenberg to seek copies of recordings he neither possessed, not was entitled to possess, in the first instance.

Per Federal Rules of Criminal Procedure, Rule 41 (g): "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." In this case, Stoltenberg alleges that he was "aggrieved[,] because the [*sic*] Attorney-Client Confidential communications should not have been accessed by a member of the prosecution team. . . [and] deprived[,] because he needs these accessed phone recordings [between Attorneys Bradley Carlson, Danee Pontius, and John Cashion] to prepare for the pending evidentiary hearing [and trial]."[10]

As the Ninth Circuit has explained, however, a Rule 41(g) motion may be properly denied when "the defendant is not entitled to lawful possession of the seized property, the

---

And then months -- additional months before the Court's instruction to me to direct the FBI to preserve the third batch of calls.

[9] Dkt. 359 at 16, lns. 23-25.
[10] Dkt. 299 at 3-4.

U.S. v. Stoltenberg
3:18-cr-00109-TMB-MMS
Order on Motion to Return Property Page 5
Case 3:18-cr-00109-TMB-MMS   Document 657   Filed 07/27/21   Page 5 of 6

property is contraband or subject to forfeiture or the government's need for the property as evidence continues."[11] In this case, independent of the question of whether the Government's acquisition of the call recordings was lawful, there is no evidence that Stoltenberg himself ever owned, or was legally entitled to possess, the recordings of calls he made using the Securus system.

Rule 41(g), which provides an avenue for a movant to request the *return* of property, is, accordingly, not the appropriate avenue for Stoltenberg to seek copies of recordings he neither possessed, not was entitled to possess, in the first instance.

## IV. CONCLUSION.

The Motion at Dkt. 299 is, accordingly DENIED as MOOT.

DATED this 27th day of July, 2021, at Anchorage, Alaska.

*/s/ Matthew M. Scoble*
UNITED STATES MAGISTRATE JUDGE

---

[11] *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996). *See also United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

*U.S. v. Stoltenberg*
3:18-cr-00109-TMB-MMS
Order on Motion to Return Property  Page 6
Case 3:18-cr-00109-TMB-MMS   Document 657   Filed 07/27/21   Page 6 of 6