# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN ALLEN STOLTENBERG,<br><br>Defendant. | 3:18-CR-00109-TMB-MMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS BASED ON PROSECUTORIAL MISCONDUCT [DKT. 383]** |

## I. MOTION PRESENTED

The superseding indictment, filed in September 2019, charges Edwin Allen Stoltenberg with one count of drug possession with intent to distribute,[1] one count of carrying a gun during a drug trafficking crime,[2] two counts of felony gun possession,[3] and one count of access device fraud.[4] The allegations in this case arise from a narcotics investigation that involved several state and federal agencies.

1. USAO's prosecutorial misconduct that undermined and violated defendant's constitutional rights resulting in prejudice, violation of substantive due process, and the public's faith in the legal system;
2. Substantive due process violations caused by USAO's Investigators' interference with defendant's right to representation resulting in violation of right to counsel;
3. Substantive due process violations caused by false testimony from the USAO's Prosecution Team's Case Officer;

---

[1] 21 U.S.C. § 841(a)(1), (b)(1)(A)
[2] 18 U.S.C. § 924(c)(1)(A)
[3] 18 U.S.C. §§ 922(g)(1), 924(a)(2)
[4] 18 U.S.C. § 1029(a)(1), (C)(1)(A)

4. Substantive due process violations caused by the USAO's introduction of false testimony by their Case Officer;
5. Substantive due process violations caused by the USAO's inaccurate and misleading statements to the Court;
6. Substantive due process violations caused by the USAO's failure to correct the record after providing the Court inaccurate and misleading information;
7. Substantive due process violations caused by the USAO's Investigators' concealment and destruction of evidence;
8. Substantive due process violations caused by USAO's failure to train subordinates, supervise subordinates, maintain systems of compliance, and to report a violation of the rules of professional accountability; and
9. Substantive due process violations caused by USAO's failure to provide exculpatory and impeachment evidence resulting in a "*Brady*" violation.

[*sic*] [Dkt. 383 at 1-2]. The government opposes the motion to dismiss on thirteen bases:

1. Stoltenberg's right to counsel did not attach until the September 2018 original indictment;
2. Stoltenberg waived attorney-client privilege because the attorney's failed to register their numbers and an automated warning was played;
3. None of the Pontious calls were "sensitive" and the number of "access events" is exaggerated;
4. The prosecutors did not receive information from the "seven or eight" Carlson calls that TFO Vik and TFO Clark listened to;
5. Carlson did not represent Stoltenberg and did not receive discovery;
6. TFO Vik's October 28, 2019 testimony was not false;
7. USAO investigated the discrepancies in the Securus logs;
8. USAO did not intentionally mislead or deceive the Court;
9. USAO consistently alerted the Court to what was known and understood at the time;
10. USAO corrected previous misrepresentations to the Court;
11. The FBI and DOC did not hide, obfuscate, or otherwise destroy evidence;
12. USAO did not fail to supervise; and
13. No *Brady* violation occurred.

[Dkt. 405].

This Court hereby issues a Final Report and Recommendation regarding Stoltenberg's motion to dismiss due to prosecutorial misconduct. [Dkt. 383]. For the reasons below, this motion should be DENIED. 28 U.S.C. § 636(b)(1)(B).

## II. LEGAL STANDARD

A federal court has an inherent role to supervise the judicial system. *United States v. Ross*, 372 F.3d 1097, 1107 (9th Cir. 2004). This supervisory power of the federal judiciary "implies the duty of establishing and maintaining civilized standards of procedure and evidence." [*Id.*] (citing *McNabb v. United States*, 318 U.S. 332, 340 (1943)). Courts have exercised their supervisory authority to rectify a violation of a criminal defendant's rights. [*Id.*]. The supervisory power can be used to "exclude evidence taken from the defendant by willful disobedience of law." *United States v. Payner*, 447 U.S. 727, 735 n.7 (1980) (inner quotations omitted). It may relatedly be used to "correct an error which permeated [a judicial] proceeding." *Ballard v. United States*, 329 U.S. 187, 193 (1946). A court can dismiss an indictment, reverse a trial, or declare a mistrial to rectify violations of prosecutorial misconduct. [*Id.*].

Prosecutorial misconduct can be the basis to dismiss an indictment if the misconduct "amount[ed] to a violation of one of those few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions." *United States v. Williams*, 504 U.S. 36, 46 (1992) (internal citations and quotation marks omitted). A defendant must prove actual prejudice if they seek a dismissal of an indictment due to prosecutorial misconduct. *United States v. Morrison* 449 U.S. 361, 365-66 (1981). Prosecutorial misconduct can also be grounds for reversal of a trial or mistrial if it denied a defendant's right to trial. *Green v. Miller*, 483 U.S. 756, 765 (1987). The prosecutorial misconduct is reviewed in the context of the entire trial. [*Id*. at 766]. A court employs a two-step test: (1) were the prosecutor's actions improper, and (2) if they

were, whether the trial was rendered "fundamentally unfair." *Drayden v. White*, 232 F.3d 704, 713 (9th Cir. 2000).

## III. ANALYSIS

Stoltenberg argues that the "prosecution team" violated his substantive due process rights by committing prosecutorial misconduct in the form of: (1) interfering with Stoltenberg's right to Sixth Amendment right to counsel, (2) TFO Vik's false testimony, (3) AUSA Corso propounding TFO Vik's false testimony, (4) AUSA Corso making inaccurate and misleading statements to this Court, (5) AUSA Corso failing to correct the record, (6) the "USAO's Investigators'" concealing and destroying evidence, (7) the USAO's failure to train and supervise employees, failure to have compliance systems, and failure to report violations of professional accountability, and (8) AUSA Corso's *Brady* violation. [Dkt. 383 at 1-2].

Here, Stoltenberg's right to trial has not been denied for the very good reason that a trial has not occurred. *Drayden*, 232 F.3d at 713; *see also Green*, 483 U.S. at 765. This Court's supervisory power is therefore limited because Stoltenberg's case is at the pretrial stage and because Stoltenberg has failed to allege that prosecutorial misconduct occurred in relation to the September 2019 superseding indictment. *See Ross,* 372 F.3d at 1107. Stoltenberg raised several grounds for relief but failed to establish that any prosecutorial misconduct affected the integrity of grand jury proceedings. *Williams*, 504 U.S. at 46. The cases cited by Stoltenberg involved trials, arguments attacking the indictment, and different requests for relief intended to cure the denial of the right to a fair trial or defects in the grand jury proceedings. Again, no trial has yet occurred, and Stoltenberg does not allege

4

Case 3:18-cr-00109-SLG-MMS   Document 681   Filed 10/29/21   Page 4 of 6

deficiencies in the September 2019 grand jury proceedings. Whatever remedies may be available in theory following the outcome of an eventual trial, none obtain here, prior to trial. Stoltenberg's failure to raise his argument within the appropriate procedural framework sets this case apart from the cases cited in his motion. *See Giglio v. United States*, 405 U.S. 150, 155 (1972) ("[T]he judgment of conviction is therefore reversed …."); *see also Napue v. People of State of Ill.*, 360 U.S. 264, 265 (1959) ("At the murder trial of petitioner …."); *see also United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993) ("Following James' trial, Catherine's began."); *see also United States v. Barnes*, No. 305-CR-001, ECF No. 580 (D. Alaska. 2014) (explaining that the defendant's conviction was reversed and "the government subsequently decided to retry [defendant]."); *see also United States v. Karjala*, No. 317-CR-063 (D. Alaska 2019) (explaining that the defendant *moved to suppress* jail calls.) (emphasis added).

Stoltenberg's motion to dismiss for prosecutorial misconduct is procedurally improper. The motion could be construed as a motion to dismiss the indictment, however, this Court declines to substitute its own judgment for Stoltenberg's strategic and tactical choices in motions practice. Thus, Stoltenberg's motion to dismiss should be DENIED without prejudice.

5

## IV. CONCLUSION

For the reasons set forth above, Stoltenberg's Motion to Dismiss Due to Prosecutorial Misconduct [Dkt. 383] should be DENIED without prejudice.

DATED this 29th day of October, 2021, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
CHIEF MAGISTRATE JUDGE

Pursuant to Fed. R. Crim. P. 59(b)(2) and D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this final finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on **November 12, 2021**. Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered first by the District Court Judge, who will then accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses **shall not exceed five (5) pages in length**, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the **CLOSE OF BUSINESS** on **November 19, 2021**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).