# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00109-01-TMB-MMS |
| Plaintiff, | |
| v. | **ORDER ON** |
| EDWIN ALLEN STOLTENBERG, | **DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | **(DKT. 662)** |

## I. INTRODUCTION

The matter comes before the Court on Defendant Edwin Allen Stoltenberg's Motion to Dismiss Due to Violation of Defendant's Sixth Amendment Right to a Speedy Trial (the "Motion").[1] The Government opposes the Motion.[2] The matter is fully briefed, and the Court finds that the Motion is suitable for disposition without oral argument. For the reasons discussed below, the Motion at Docket 662 is **DENIED**.

## II. BACKGROUND

On September 19, 2018, a grand jury issued an indictment charging Stoltenberg with Felon in Possession of a Firearm and Ammunition, Possession with Intent to Distribute Controlled

---

[1] Dkt. 662 (Motion).

[2] Dkt. 664 (Opposition).

1

Substances, and Carrying a Firearm During and in Relation to a Drug Trafficking Crime.[3] Stoltenberg was arraigned on October 3, 2018,[4] and trial was set for November 19, 2018.[5]

## A. Trial Continuances

The Court has continued this trial several times at Stoltenberg's request. He first moved to continue trial on October 24, 2018, after receiving new counsel[6] and on the basis that this case involved extensive discovery and his counsel needed additional time to prepare.[7] Stoltenberg noted that "[a] period of excludable delay under 18 U.S.C. § 3161(h) will occur as a result of" his request for a continuance.[8] The Court reset trial for March 4, 2019, and found the delay excludable under the Speedy Trial Act ("the Act").[9] During the months that followed, Stoltenberg moved several times to continue his trial.[10] Each time, the Court granted Stoltenberg's request and made

---

[3] Dkt. 2 (Indictment).

[4] Dkt. 15 (Minute Entry).

[5] Dkt. 17 (Order for the Progression of a Criminal Case).

[6] Dkt. 22 (Notice of Appearance).

[7] Dkt. 23 at 1 (First Motion to Continue Trial).

[8] *Id.*

[9] Dkt. 30 (Minute Entry) (granting Stoltenberg's unopposed motion to continue trial).

[10] Dkt. 67 (Minute Entry) (granting Stoltenberg's unopposed oral motion to continue trial and resetting trial for July 1, 2019); Dkt. 158 (Motion for Continuance); Dkt. 167 (Minute Entry) (granting Stoltenberg's motion to continue trial and resetting trial for September 30, 2019); Dkt. 177 (Minute Entry) (granting Stoltenberg's unopposed oral motion to continue trial and resetting trial for November 21, 2019); Dkt. 192 (Motion to Continue Trial); Dkt. 222 (Minute Entry) (granting Stoltenberg's motion to continue trial and resetting trial for February 3, 2020); Dkt. 263 (Motion to Continue Trial); Dkt. 280 (Minute Entry) (granting Stoltenberg's motion to continue trial and resetting trial for June 29, 2020).

appropriate Speedy Trial Act findings, ultimately resetting Stoltenberg's trial for June 29, 2020.[11] In the meantime, the grand jury issued a First Superseding Indictment.[12]

The Court has also continued this trial because of the COVID-19 pandemic. The pandemic became a national emergency in early 2020, and, as the Court found in a series of Miscellaneous General Orders, materially affected the functioning of the Court.[13] As a result, the Court found jury trials were impractical and unsafe to hold in person due to the unique challenges of jury selection in Alaska and logistical barriers to implementing COVID-19 safety protocols.[14] Due to the pandemic, the Court vacated and reset Stoltenberg's trial date several times, as it did all criminal jury trials during that period, ultimately leaving the trial date open.[15] The Court excluded the pandemic-related delay from March 16, 2020 through May 3, 2021—over 13 months—under the Speedy Trial Act.[16]

## B. *Pending Pretrial Motions*

In addition to moving to continue trial, Stoltenberg has filed several other pretrial motions in this case that have tolled time under the Speedy Trial Act, some of which remain pending today. In a number of those motions, Stoltenberg alleges the Government intercepted calls between

---

[11] *See* Dkts. 67, 167, 177, 222, 280.

[12] Dkt. 207 (First Superseding Indictment); *see also* Dkt. 221 (Minute Entry).

[13] *See, e.g.*, D. Alaska Misc. Gen. Ord. 20-17 (eff. June 1, 2020).

[14] *See, e.g.*, *id.* at 2.

[15] Dkts. 413, 421, 477, 509, 552, 584, 610, 641 (Text Orders Resetting Trial).

[16] Dkts. 413, 421, 477, 509, 552, 584, 610, 641 (excluding time from March 16, 2020, through May 3, 2021).

Stoltenberg and his counsel while Stoltenberg was in custody.[17] Those motions, along with related motions by the Government, have required extensive evidentiary hearings lasting many months, and several have yet to be resolved by the Court.[18] In addition to the jail call motions, Stoltenberg filed an unrelated Motion to Suppress in September of 2019 that remains unresolved.[19] The Motion to Suppress is not yet under advisement—the evidentiary hearing has been continued and will be reset in due course after the motions pertaining to the jail calls are handled.[20] Like the lion's share of Stoltenberg's motions, he begins his Motion to Suppress by acknowledging that "[a] period of excludable delay under 18 U.S.C. Section 3161(h)(D) will occur as a result of filing this motion."[21]

On June 1, 2021, the parties stipulated in a joint status report that 49 days remained under the Speedy Trial Act so long as COVID-19-related delays were excludable.[22] The joint status report states as follows:

> The defendant was first arraigned on the indictment in this case on October 3, 2018. ECF No. 15. He filed a motion to continue trial 21 days later, on October 24, 2018. ECF No. 23. All time since has been excluded from the Speedy Trial Act calculation due to both defense-initiated pretrial litigation and the pandemic-related court closures. Accordingly, the government calculates that, 49 days remain under the Speedy Trial Act. The defendant agrees that about 49 days remain under the Speedy Trial Act if the delays are upheld concerning the national pandemic.[23]

---

[17] *See* Dkt. 180 (Motion to Dismiss); Dkt. 270 (Motion to Dismiss); Dkt. 275 (Motion for Reconsideration); Dkt. 383 (Motion to Dismiss); Dkt. 448 (Motion to Compel).

[18] *See* Dkt. 662 at 3; Dkt. 664 at 9.

[19] Dkt. 219 (Motion to Suppress).

[20] Dkt. 431 (Order of Virtual Evidentiary Hearings and Witness Testimony).

[21] Dkt. 219 at 1; *see also* Dkt. 180 at 1; Dkt. 270 at 1; Dkt. 383 at 1; Dkt. 448 at 1.

[22] Dkt. 645 (Joint Status Report).

[23] *Id.*

*C. Motion to Dismiss*

On August 11, 2021, Stoltenberg filed the instant Motion.[24] He argues the Court should dismiss his case with prejudice because the Government violated both the Speedy Trial Act and his Sixth Amendment right to a speedy trial.[25] Beginning with the Sixth Amendment, Stoltenberg argues (1) the length of delay—here, 34 months—is excessive and presumptively prejudicial; (2) "the primary reason for the delay is because the Honorable Judge Scoble had to conduct evidentiary hearings over several months due to the Government's intercept / access of confidential Attorney—Client communications. . . . Consequently, the Government's misconduct caused significant delay"; (3) Stoltenberg "has consistently refused to waive time"; and (4) Stoltenberg "has suffered severe prejudice from the delay" as he has remained incarcerated, has contracted COVID-19 while incarcerated, and will have more difficulty finding necessary witnesses for trial.[26]

As to the Speedy Trial Act, Stoltenberg acknowledges that "[a] court may exclude periods of delay resulting from . . . pretrial motions" and may exclude time where the court finds the ends of justice served by a delay outweigh the best interest of the public and defendant in a speedy trial.[27] Nevertheless, he asserts "there is no time remaining" under the Speedy Trial Act.[28] Stoltenberg does not offer insight into his calculation. Instead, he lists factors a court must consider before granting an ends-of-justice continuance during the COVID-19 pandemic, per the Ninth

---

[24] Dkt. 662.

[25] *Id.* at 2.

[26] *Id.* at 6–7.

[27] *Id.* at 4–5.

[28] *Id.* at 1.

Circuit's decision in *United States v. Olsen*,[29] and asserts that (1) "Alaska prisoners have suffered extreme rates of COVID-19"; (2) "he was among the sick prisoners after being infected with COVID-19"; (3) he "remained incarcerated and exposed to infection primarily because of the Prosecution Team's misconduct intercepting confidential communications"; and (4) his trial has continuously been postponed even though the Court "has safely conducted trials due to its commitment to enforcing the constitutional guarantee of a fair and speedy trial" despite the pandemic.[30] It is difficult to decipher Stoltenberg's theory about how these assertions impact the Speedy Trial Act calculation in his case. For example, it is unclear whether Stoltenberg disagrees with prior findings by this Court that pandemic-related delays served the ends of justice and were thus excludable or whether Stoltenberg is arguing the Court would have held his trial despite the pandemic but-for the Government's alleged misconduct. He states, "Overall and based on the delay caused by the Prosecution Team's misconduct, there is no reasonable basis for an ends of justice delay in this case despite the national pandemic."[31] Stoltenberg also neglects to identify with specificity which periods of time he believes are not excludable and why.

### D. *Government's Opposition*

The Government opposes the Motion, arguing it has not violated Stoltenberg's Sixth Amendment right to a speedy trial and that 49 days remain under the Speedy Trial Act. Beginning with the Speedy Trial Act, the Government calculates that aside from 21 days between Stoltenberg's arraignment and his first motion to continue trial, "[a]ll other time has been expressly excluded for Speedy Trial Act purposes, both by well-supported findings that the ends of justice

---

[29] 995 F.3d 683 (9th Cir. 2021).

[30] Dkt. 662 at 7–8.

[31] *Id.* at 8.

served by doing so outweighed the best interest of the public and the defendant in a speedy trial, as well as by the automatic exclusions due [to] the many pretrial motions filed by the defendant."[32] In sum, the Government believes "[t]here is simply no basis for a conclusion that time has expired under the Speedy Trial Act."[33]

Turning to the Sixth Amendment, the Government concedes the length of delay weighs in Stoltenberg's favor but argues the remaining factors a court must consider "strongly favor the government."[34] The Government argues responsibility for the delay is shared between Stoltenberg and the pandemic: Stoltenberg because he repeatedly moved to continue trial and chose to litigate numerous pretrial motions, the pandemic because the Court continued Stoltenberg's trial on several occasions due to COVID-19. According to the Government, motions filed by Stoltenberg are attributable to him even though he alleges prosecutorial misconduct.[35] In addition, the Government asserts Stoltenberg has "consent[ed] to all of the delay incurred so far" and "has *never* asserted his right to a speedy trial" because he files motions "[a]t every opportunity" and "has not suggested that he would rather proceed to trial" than await rulings on his pretrial motions.[36] Finally, the Government argues Stoltenberg has not suffered actual prejudice.[37] The government highlights that Stoltenberg has failed to identify specific prejudice resulting from the delays, claims

---

[32] Dkt. 664 at 6.

[33] *Id.*

[34] *Id.* at 7–8.

[35] *Id.* at 8.

[36] *Id.* at 9 (emphasis in original).

[37] *Id.*

the delay "adversely impacted" his "ability to find necessary witnesses for trial" without support or explanation, and asserts his pretrial incarceration has not been abnormally oppressive.[38]

### III.    LEGAL STANDARD

#### A.  *Speedy Trial Act*

The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, requires that a defendant be brought to trial within 70 days of the filing of their indictment or their first appearance, whichever happens later.[39] However, the Act excludes several categories of delay when calculating the 70-day period,[40] including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." [41] The Act also allows courts to exclude any delay resulting from an ends-of-justice continuance, which the court may grant on its own motion or at the request of the parties.[42] A court may grant an ends-of-justice continuance if it finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[43] If a defendant is not brought to trial within 70 non-excludable days, the indictment must be dismissed.[44]

---

[38] *Id.* at 10.

[39] 18 U.S.C. § 3161(c)(1).

[40] 18 U.S.C. § 3161(h).

[41] 18 U.S.C. § 3161(h)(1)(D).

[42] 18 U.S.C. § 3161(h)(7)(A).

[43] *Id.*

[44] 18 U.S.C. § 3162(a)(2); *see also United States v. Nash*, 946 F.2d 679, 680 (9th Cir. 1991).

*B. Sixth Amendment*

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."[45] Although rare, a delay that satisfies the Speedy Trial Act's requirements may nevertheless violate the Sixth Amendment—the statute and Constitution require separate inquiries.[46] To evaluate whether the government has violated a defendant's Sixth Amendment right to a speedy trial, courts apply "a balancing test, in which the conduct of both the prosecution and the defendant are weighed."[47] The Supreme Court in *Barker v. Wingo*[48] identified four factors courts should weigh as part of this balancing analysis: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted their right to a speedy trial; and (4) prejudice to the defendant.[49]

The first factor, length of delay, is a "threshold issue."[50] The length of "delay is measured from the time of the indictment to the time of trial."[51] A delay longer than one year is typically sufficient to trigger further inquiry.[52]

---

[45] U.S. Const. amend. VI.

[46] *See United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982).

[47] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[48] 407 U.S. 514 (1972).

[49] *Id.* at 530.

[50] *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989).

[51] *Id.*

[52] *United States v. Gregory*, 322 F.3d 1157, 1162–63 (9th Cir. 2003).

The second factor, the reason for the delay, is the "focal point" for the inquiry.[53] In the words of the *Barker* Court,

> [D]ifferent weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.[54]

The third factor is whether the defendant asserted their right to a speedy trial. A defendant's failure to assert their right "will make it difficult for [them] to prove that [they were] denied a speedy trial."[55] In *Barker*, the Court found this factor weighed against the defendant because, although he later moved to dismiss based on a speedy trial violation, he failed to object to multiple motions for continuances filed by the government.[56]

The remaining *Barker* factor is prejudice. Where a delay is great and attributable to the government, prejudice is presumed and the defendant is not required to show actual prejudice.[57] However, where the delay is not attributable to the government, the defendant must show actual prejudice resulting from the delay.[58] "Traditionally, actual prejudice can be shown in three ways: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the

---

[53] *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007).

[54] *Barker*, 407 U.S. at 531.

[55] *Id.* at 532.

[56] *Id.* at 518, 534–35.

[57] *Gregory*, 322 F.3d at 1162–63.

[58] *See id.* at 1163.

accused's defense will be impaired."[59] "Of these, the most serious is the last," because a defendant's inability to prepare his case "skews the fairness of the entire system."[60]

## IV. DISCUSSION

The Government has not violated Stoltenberg's rights under either the Speedy Trial Act or the Sixth Amendment. Accordingly, the Court **DENIES** Stoltenberg's Motion.

### A. *Speedy Trial Act*

The Court agrees with the Government that time remains under the Speedy Trial Act; since Stoltenberg's first motion to continue trial, all time is properly excluded. The Court has granted numerous ends-of-justice continuances, either at Stoltenberg's request or because of the COVID-19 pandemic. Those continuances account for the delay through May 3, 2021. And each time, the Court made appropriate Speedy Trial Act findings. Further, as of June 1, 2021, the parties stipulated 49 days remained under the Act, assuming pandemic-related continuances were valid. Since that time, at least one pretrial motion, Stoltenberg's Motion to Suppress, remains unresolved pending further evidentiary hearings.[61] The resulting delay is automatically excluded under the Act, which excludes "all time between the filing of and the hearing on a motion whether that hearing was prompt or not."[62]

Stoltenberg does not identify which periods of delay he argues are not excludable, making it difficult for the Court to respond to his claim. Nor does he clearly articulate his bases for challenging any specific period of delay. Stoltenberg appears to argue either that the Court

---

[59] *United States v. Beamon*, 992 F.2d 1009, 1014 (9th Cir. 1993).

[60] *Barker*, 407 U.S. at 532.

[61] *See* Dkt. 431.

[62] *Henderson v. United States*, 476 U.S. 321, 326–330 (1986).

erroneously excluded time during the pandemic or that prosecutorial misconduct, not the pandemic, caused the delay. To the extent Stoltenberg challenges time excluded because of the pandemic, the Court rejects his argument. With each pandemic-related continuance, the Court appropriately found the ends of justice served outweighed the best interests of the public and Stoltenberg's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv).[63] In other words, the Court found the serious risks to the health and safety of the public and those who come to court outweighed Stoltenberg's interest in a speedy trial under the circumstances. The Court stands by its findings.[64] To the extent Stoltenberg argues prosecutorial misconduct caused the delay, he has not articulated how that fact, if true, would impact the Speedy Trial Act calculation in his case. The Act automatically excludes delays resulting from filing pretrial motions, as Stoltenberg concedes.[65] This includes time spent litigating pretrial motions that allege misconduct. Stoltenberg offers no authority suggesting otherwise. Accordingly, the Court **DENIES** Stoltenberg's claim under the Speedy Trial Act.

*B. Sixth Amendment*

Likewise, Stoltenberg has not established a violation of his Sixth Amendment right to a speedy trial. Aside from the length of delay, each *Barker* factor weighs in the Government's favor. Accordingly, the Court **DENIES** Stoltenberg's Sixth Amendment claim.

---

[63] *See* Dkts. 413, 421, 477, 509, 552, 584, 610, 641.

[64] Stoltenberg notes the Court has safely conducted trials during the pandemic. Dkt. 662 at 8. The Court has held very few criminal jury trials during the pandemic, and it evaluated each case individually to determine whether a jury trial was feasible or whether a continuance served the ends of justice, per the Speedy Trial Act. In Stoltenberg's case, the Court found the ends of justice served by continuing trial outweighed Stoltenberg's interest in a speedy trial. That the Court held trial in other, limited circumstances does not change that finding.

[65] Dkt. 662 at 4–5 (citing 18 U.S.C. § 3161(h)).

1. <u>Length of Delay</u>

Stoltenberg first argues that the length of delay in his case favors dismissal. The Court agrees. A 34-month delay[66] is clearly sufficient to trigger further analysis.[67]

2. <u>Reason for Delay</u>

On balance, the reason for the delay weighs against Stoltenberg. For the purposes of this analysis, the Court considers separately the three causes of delay in this case: Stoltenberg's several requests to continue trial, the COVID-19 pandemic, and other pretrial motions.

Stoltenberg's requests to continue trial weigh against him.[68] Stoltenberg has asked to continue trial more than five times and for various reasons, including that Stoltenberg has, several times, changed counsel.[69] The Court finds these continuances are not attributable to the Government and weigh against Stoltenberg.

COVID-19-related delays are not attributable to Stoltenberg or to the Government. As discussed above, the Court continued jury trials to protect the public and all those who attend court proceedings. As a result, Stoltenberg's trial was rescheduled multiple times over a 13-month period during the height of the pandemic. That delay was reasonable and justified and does not weigh against the Government.[70]

---

[66] Stoltenberg asserts there has been approximately a 34-month delay. Dkt. 662 at 6. The Government "concedes that the delay in this case is sufficient to move to the remaining factors." Dkt. 664 at 8.

[67] *See, e.g.*, *United States v. Myers*, 930 F.3d 1113, 1122 (9th Cir. 2019) (finding a 22-month delay sufficient).

[68] *See Vermont v. Brillon*, 556 U.S. 81, 92 (2009).

[69] *See, e.g.*, Dkts. 23, 67, 192.

[70] *See United States v. Smith*, 494 F. Supp. 3d 772, 783 (E.D. Cal. 2020) ("[T]he Court's decision to take responsible, emergency health measures to limit the spread of COVID-19 is responsible

13

Finally, as to the delay resulting from Stoltenberg's pretrial motions, the Court will not hold this delay against either party. As discussed above, Stoltenberg argues that time spent litigating the jail call motions is attributable to the Government. His theory is simple: if the Government had not listened to privileged calls, he would never have filed the motions. Thus, according to Stoltenberg, governmental misconduct caused the delay, and the time should weigh against the Government. The Government responds that Stoltenberg's theory is unworkable as nearly all pretrial motions allege some governmental wrongdoing. In other words, cases involving complex evidentiary issues cannot all be dismissed on speedy trial grounds. Accordingly, the Government asks the Court to hold the delay against Stoltenberg because he ultimately chose to litigate the issue. Both parties raise good points, but the Court declines to adopt either position in favor of a more nuanced approach.

Stoltenberg does not contend the Government has delayed his trial to "hamper the defense," "gain some tactical advantage," or "harass" him.[71] In short, Stoltenberg does not claim the Government *purposefully* delayed his trial. Rather, according to Stoltenberg, the delay is a second-order, unintended consequence of the Government's misconduct. Thus, this case does not involve the kinds of deliberate delay tactics that, as discussed in *Barker*, might weigh heavily in a defendant's favor. And, indeed, motions filed on a defendant's behalf are often attributed to the defendant.[72] Further, this Court has not decided whether Stoltenberg is entitled to relief based on the jail calls—Stoltenberg's misconduct allegations remain largely unresolved.

---

for the delay. The Court's inability to safely conduct a jury trial is a good-faith and reasonable justification for the delay. One that does not weigh against the Government.").

[71] *Barker*, 407 U.S. at 531, n.32.

[72] *See United States v. Drake*, 543 F.3d 1080, 1085–86 (9th Cir. 2008).

14

That said, the Court is not compelled to blame Stoltenberg for this delay. At the very least, the Government has conceded it inadvertently listened to privileged calls.[73] Stoltenberg is within his rights to seek relief accordingly.[74] Thus, the Court finds that time spent litigating such motions is neither attributable to the Government nor Stoltenberg.

Accordingly, on balance, the reason for the delay weighs against Stoltenberg: his several motions to continue trial weigh against him, while the remaining delay does not weigh against either party.

3. Asserting the Speedy Trial Right

While Stoltenberg now asserts his right to a speedy trial, his conduct over the past 34 months was largely inconsistent with a desire to get to trial. He moved to continue trial several times.[75] He filed numerous pretrial motions acknowledging they would toll the clock under the Speedy Trial Act.[76] And he moved to continue evidentiary hearings.[77] These actions contradict Stoltenberg's conclusory assertion that he "consistently refused to waive time."[78] And Stoltenberg acknowledges he continues to file motions that might delay trial.[79] As in *Barker*, "the record strongly suggests that while he hoped to take advantage of the delay in which he had acquiesced,

---

[73] Dkt. 405 at 4 (Opposition to Motion to Dismiss at Docket 383).

[74] *See Smith*, 494 F. Supp. 3d at 783 ("[T]he Court does not consider Smith's decision to file motions to suppress to be a reason to blame him for the delay.").

[75] *See, e.g.*, Dkts. 23, 67, 192, 263.

[76] *See, e.g.*, Dkt. 219.

[77] *See, e.g.*, Dkt. 160 (Minute Entry).

[78] Dkt. 662 at 6.

[79] *Id.*

and thereby obtain a dismissal of the charges, he definitely did not want to be tried."[80] This factor weighs against Stoltenberg.

4. Prejudice

Finally, Stoltenberg has not shown actual prejudice as is required where, as here, the defendant bears responsibility for the delay. Stoltenberg argues he is prejudiced by the delay because he has been incarcerated while awaiting trial, he contracted COVID-19, and the delay "adversely impacted [his] ability to find necessary witnesses for trial."[81] But Stoltenberg has not established that his pretrial incarceration was "'oppressive'" or "unjustified."[82] As the Government argues, Stoltenberg has not reported facing conditions worse or different from any other person incarcerated during the pandemic: he has not offered evidence that he is at risk of serious illness from COVID-19 or that he suffered serious side effects from contracting COVID-19. The pandemic, without more, does not constitute actual prejudice for speedy trial purposes. Nor has Stoltenberg established the delay impaired his defense—his conclusory claim that the delay hampered his ability to find unidentified witnesses is not enough.[83] Accordingly, the Court **DENIES** Stoltenberg's Sixth Amendment claim.

---

[80] *Barker*, 407 U.S. at 535; *see also United States v. Tanh Huu Lam*, 251 F.3d 852, 859 (9th Cir. 2001) (defendant's "successive requests for continuances considerably diminish the weight of [his] assertions of his speedy trial right").

[81] Dkt. 662 at 7.

[82] *See Drake*, 543 F.3d at 1086 (quoting *Barker*, 407 U.S. at 532).

[83] *See Lam*, 251 F.3d at 860; *Drake*, 543 F.3d at 1086.

16

## V. CONCLUSION

For the foregoing reasons, the Motion at Docket 662 is **DENIED.**

       IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 29th day of October, 2021.


/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE