UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN ALLEN STOLTENBERG,<br><br>Defendant. | 3:18-CR-00109-TMB-MMS<br><br>FINAL REPORT AND RECOMMENDATION[1] REGARDING DEFENDANT'S SECOND MOTION TO DISMISS FOR LACK OF JURISDICTION [DKT. 647] |

### I. MOTION PRESENTED

The superseding indictment, filed in September 2019, charges Edwin Allen Stoltenberg with one count of drug possession with intent to distribute,[2] one count of carrying a gun during a drug trafficking crime,[3] two counts of felon in possession of a firearm,[4] and one count of access device fraud.[5]

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge, who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.
[2] 21 U.S.C. § 841(a)(1), (b)(1)(A)
[3] 18 U.S.C. § 924(c)(1)(A)
[4] 18 U.S.C. §§ 922(g)(1), 924(a)(2)
[5] 18 U.S.C. § 1029(a)(1), (C)(1)(A)

In June 2019, this Court denied Stoltenberg's motion to withdraw his not guilty plea. [Dkt. 145]. In April 2021, the district court denied Stoltenberg's first motion to dismiss for lack of jurisdiction by issuing its own order that adopted this Court's final report and recommendation. *See* [Dkt. 638]; *see also* [Dkt. 616]. This Court's report and recommendation recommended denying Stoltenberg's motion because "[i]t is beyond dispute that this Court has personal jurisdiction" and has "subject matter" jurisdiction. [Dkt. 616 at 1-2].

Stoltenberg moves, pro se, to dismiss for lack of jurisdiction by regurgitating his previously denied jurisdictional arguments. [Dkt. 647-1 at 1]. Although Stoltenberg has not entered a guilty plea, he moves to withdraw his guilty plea: "I, Edwin-Allen Stoltenberg, aka Jesse-Wayne Ripley was under duress not knowingly, voluntarily without full disclosure entered a guilty plea on behalf of Defendant which I now recind, and withdrawal that admission at this time, as the plea was entered under fraud." [*sic*] [*Id.* at 3]. The government did not respond to Stoltenberg's motion.

Stoltenberg's motion to withdraw his guilty plea is easily dispensed with for the very good reason that he has never entered a guilty plea. Here, Stoltenberg's newest motion requests the same remedies that were previously denied by this Court. *See* [Dkt. 616]; *see also* [Dkt. 145]. Stoltenberg has also not shown any basis for reconsideration under Local Rule 47.1(g). This Court declines to construe this as a

motion for reconsideration because Stoltenberg has not set forth: (a) a manifest error of the law or fact; (b) discovery of new material facts not previously available; or (c) intervening change in law. *See* L. Crim. R. 47.1(g). As such a showing is an express requirement to move for reconsideration, Stoltenberg's motion violates Local Rule 47.1(g) and should be DENIED on that basis.

For the reasons set forth above, Stoltenberg's motion to dismiss for lack of jurisdiction [Dkt. 647] should be DENIED. Insofar as he also seeks to withdraw his guilty plea, such a motion is not ripe, as he has not yet plead guilty. The motion to withdraw his guilty plea should be DENIED without prejudice.

DATED this 2nd day of November, 2021 at Anchorage, Alaska.

*s/ Matthew M. Scoble*
CHIEF MAGISTRATE JUDGE

Pursuant to Fed. R. Crim. P. 59(b)(2) and D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this final finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on **November 16, 2021**. Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered first by the District Court Judge, who will then accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses **shall not exceed five (5) pages in length**, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before

the **CLOSE OF BUSINESS** on **November 23, 2021**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).