IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Edwin Allen Stoltenberg*
Case No. 3:18-cr-00109-01-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("R&R") of Chief Magistrate Judge Scoble[1] recommending the Court deny Defendant Edwin Allen Stoltenberg's Second Motion to Dismiss for Lack of Jurisdiction at Docket 647 (the "Motion").[2] Stoltenberg filed objections to the R&R.[3] For the reasons discussed below, the Court **ACCEPTS and ADOPTS** the R&R at Docket 683. Consequently, the Court **DENIES** the Motion at Docket 647.

Stoltenberg is charged by superseding indictment with various drug and firearms offenses.[4] In April 2021, Stoltenberg moved to dismiss for lack of jurisdiction.[5] The Court dismissed the motion with prejudice, adopting Chief Magistrate Judge Scoble's Final Report and Recommendation in its entirety.[6] The Court concluded "[i]t is beyond dispute that this Court has personal jurisdiction over [Stoltenberg]" and subject matter jurisdiction over the federal offenses charged in the Superseding Indictment.[7]

Stoltenberg has again moved to dismiss for lack of jurisdiction.[8] In the Motion, drafted *pro se* but electronically filed by counsel,[9] Stoltenberg argues the Court lacks jurisdiction over him, reiterating arguments raised in his first motion to dismiss for lack of jurisdiction.[10] Stoltenberg also includes in the Motion a request to withdraw his guilty plea,[11] although he has not pleaded guilty. The Government did not respond to the Motion.

On November 2, 2021, Chief Magistrate Judge Scoble issued the R&R recommending the Court (1) deny the motion to dismiss for lack of jurisdiction because the Court already dismissed Stoltenberg's jurisdictional arguments with prejudice and (2) deny without prejudice Stoltenberg's

---

[1] Dkt. 683 (Final R&R).
[2] Dkt. 647 (Motion).
[3] Dkt. 690 (Objections).
[4] Dkt. 207 (First Superseding Indictment); *see also* Dkt. 221 (Minute Entry).
[5] Dkt. 594 (Motion).
[6] Dkt. 638 (Text Order); *see also* Dkt. 616 (Final R&R).
[7] Dkt. 616 at 3–4.
[8] Dkt. 647.
[9] For a discussion of Stoltenberg's hybrid representation scheme, see Chief Magistrate Judge Scoble's order at Docket 609 denying Stoltenberg's request to proceed *pro se*.
[10] Dkt. 647 at 1–3.
[11] *Id.* at 3.

1

request to withdraw his guilty plea because he has not entered a guilty plea.[12] Stoltenberg filed a 70-page, hand-written objection to the R&R.[13] Stoltenberg objects to the R&R on the basis that the Court lacks jurisdiction.[14] He also includes a "notice of tort"[15] and an "affidavit/rescinding of signatures and/or contracts"[16] that do not appear responsive to the R&R.

Having reviewed and considered the R&R, Stoltenberg's objections, and relevant portions of the record, the Court concludes it agrees with Chief Magistrate Judge Scoble that the Motion should be denied. First, the Court already denied with prejudice Stoltenberg's jurisdictional arguments, finding it has personal and subject matter jurisdiction in this case.[17] Stoltenberg has neither moved for reconsideration nor provided any basis for reconsideration.[18] Accordingly, the Court again **DENIES with prejudice** Stoltenberg's motion to dismiss for lack of jurisdiction. Second, to the extent Stoltenberg asks to withdraw a guilty plea, his request is **DENIED without prejudice.** Stoltenberg has not pleaded guilty, and thus there is no plea to withdraw.[19]

In sum, Stoltenberg's objections do not merit rejecting the R&R. Accordingly, the Court **ACCEPTS and ADOPTS** the R&R at Docket 683. Consequently, the Court **DENIES** the Motion at Docket 647.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 9, 2021.

---

[12] Dkt. 683 at 2–3.
[13] Dkt. 690.
[14] *See generally id.*
[15] *Id.* at 30.
[16] *Id.* at 12.
[17] *See* Dkts 638, 616.
[18] *See* Dkt. 683 at 3–4.
[19] As the Magistrate Judge noted, the Court has previously denied a request from Stoltenberg to withdraw his plea of not guilty. *See* Dkt. 145.