## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Edwin Allen Stoltenberg*
Case No. 3:18-cr-00109-01-TMB-MMS

By:                THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:      ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("R&R") of Chief Magistrate Judge Scoble[1] recommending the Court deny as procedurally improper Defendant Edwin Allen Stoltenberg's Motion to Dismiss Due to Prosecutorial Misconduct at Docket 383 (the "Motion").[2] Stoltenberg objects to the R&R.[3] For the reasons discussed below, the Court **REJECTS** the R&R and **RESUBMITS** the matter to the Chief Magistrate Judge for consideration on the merits in an omnibus report and recommendation addressing all pending motions in this case.

### A. Background

Stoltenberg is charged by superseding indictment with various drug and firearms offenses.[4] Stoltenberg was first indicted on September 19, 2018.[5] He was already in state custody at the time.

During a status conference on August 2, 2019, the Government told the Court that it had "inadvertently come into possession of jail calls that are privileged, some calls between Mr. Stoltenberg and an attorney."[6] These calls, according to the Government, were produced by the FBI to the U.S. Attorney's Office.[7] The Government asserted that "[n]o one from the prosecution team has listened to these ten calls" and that the U.S. Attorney's Office was working to remove the calls from its system.[8] The Court referred the issue to Chief Magistrate Judge Scoble, noting two primary concerns: first and foremost, "protecting the integrity of the case and Mr. Stoltenberg's defense," and, second, examining how this happened and what steps need to be taken to ensure it does not happen again.[9]

---

[1] Dkt. 340 (Final R&R).
[2] Dkt. 383 (Motion); Dkt. 384 (Decl. in Support of Motion).
[3] Dkt. 689 (Objections).
[4] Dkt. 207 (First Superseding Indictment); *see also* Dkt. 221 (Minute Entry).
[5] Dkt. 2 (Indictment).
[6] Dkt. 356 at 8 (Transcript of August 2, 2019 Hearing).
[7] *Id.* at 11–12.
[8] *Id.* at 8.
[9] *Id.* at 13–14, 16.

1

Since that status conference, Stoltenberg has filed several motions regarding the jail calls, including the instant Motion.[10] Chief Magistrate Judge Scoble has conducted extensive evidentiary hearings on these motions.[11] In addition, Chief Magistrate Judge Scoble reviewed a portion of the jail calls *in camera*.[12] In an order following *in-camera* review, the Magistrate Judge concluded the calls did not contain "sensitive information" such as "material related to defense preparation, plea negotiations, or review of discovery."[13] The Magistrate Judge was clear, however, that his review did not resolve whether the jail calls were deliberately or inadvertently intercepted by the Government.[14] The Court has yet to resolve whether Stoltenberg is entitled to relief—either dismissal of the indictment or a lesser form of relief—based on the jail calls.

### B. *Motion to Dismiss due to Prosecutorial Misconduct*

In his Motion, Stoltenberg asks the Court to dismiss the indictment "due to USAO Prosecutorial Misconduct that undermines and violated defendant's constitutional rights resulting in prejudice, denies defendant substantial due process, and undermines the public's faith in the integrity of the legal system."[15] Stoltenberg alleges that following his arrest by the State of Alaska in June 2018, the Government listened to several of Stoltenberg's calls with attorney Bradly Carlson, who represented Stoltenberg in state court, and with attorney Danee Pontious, who represented Stoltenberg in this federal case. According to Stoltenberg, federal agents and prosecutors listened to these calls.[16] Stoltenberg alleges that by accessing these calls, during which he had "critical discussions . . . concerning evidence and trial strategy," the Government violated his right to counsel and a fair trial.[17] He further asserts that the Government failed to promptly alert the Court about the jail calls;[18] that the Government's case officer provided false testimony by asserting he listened to only one call;[19] that the Government presented inaccurate and misleading statements to

---

[10] *See* Dkt. 180 (Motion to Dismiss); Dkt. 270 (Motion to Dismiss); Dkt. 275 (Motion for Reconsideration); Dkt. 383 (Motion to Dismiss); Dkt. 448 (Motion to Compel).
[11] *See* Dkt. 265 at 1 (Order on Inadvertent Recording of *Possibly Privileged* Jail Phone Calls); Dkt. 375 at 1 (Order on *In-Camera* Review of the Recordings of Jail Phone Calls to Attorneys). Magistrate Judge Scoble ordered at Docket 265 that the Government is permitted to use certain jail calls when presenting its case. Stoltenberg successfully moved for reconsideration of that Order. Dkt. 275 (Motion for Reconsideration); Dkt. 625 (Text Order Granting Reconsideration). Thus, Docket 265 is currently held in abeyance pending reconsideration and further order of the Court. Dkt. 625.
[12] Dkt. 375.
[13] *Id.* at 3.
[14] *Id.* at 2.
[15] Dkt. 383 at 1.
[16] *See, e.g.*, *id.* at 14 ("During the cross-examination of Attorney [Bradly] Carlson at the evidentiary hearing on March 19, 2020, the AUSA admitted while cross-examining Attorney Carlson that he had also listened to at least two of the phone recordings. . . . Thus, multiple members of the USAO Prosecution Team have listened to these confidential calls.").
[17] *See id.* at 9–10.
[18] *Id.* at 4–6.
[19] *Id.* at 10–13.

2

the Court;[20] that the Government failed to correct the record;[21] that Government investigators concealed and destroyed evidence, including the jail calls and a red Cadillac;[22] that the Government failed to train and supervise subordinates, maintain systems of compliance, and report misconduct;[23] and that the Government withheld exculpatory evidence and impeachment material.[24] Although the Motion includes little legal discussion about the standards for dismissing an indictment, Stoltenberg apparently argues dismissal is appropriate under the court's supervisory powers[25] and for substantive due process violations.[26] He argues "the USAO's conduct undermines faith in and integrity of the legal process and violates the U.S. Constitution."[27]

The Government opposes the motion on the merits, arguing it did not violate Stoltenberg's right to counsel or due process. The Government admits it accessed 22 jail calls between Stoltenberg and attorneys Carlson and Pontious.[28] However, it claims it did so inadvertently because neither attorney had registered their phone number as private with the jail's call recording system.[29] It also claims it has taken steps to mitigate the issue, including by using a filter team.[30]

As to whether the Government violated Stoltenberg's right to counsel, the Government argues Stoltenberg's Sixth Amendment right to counsel had not yet attached when he called Carlson because Carlson represented Stoltenberg in state proceedings, and the calls between Stoltenberg and Carlson occurred before the federal indictment was filed.[31] The Government concedes Stoltenberg's right to counsel "had attached when he placed the nine calls to Pontious starting in late September 2018." Unlike Carlson, Pontious "was [Stoltenberg's] attorney of record" in this case, albeit "for about one week," according to the Government.[32] Nevertheless, the Government argues it did not violate Stoltenberg's right to counsel because it accessed the calls unintentionally and Stoltenberg has not been prejudiced. Regarding prejudice, the Government argues that "although the USAO had [the jail calls] in its systems, we never listened to them; no one, including [FBI Task Force Officer] Vik, has imparted to us any substantive information from them; and no evidence was obtained as [a] result of accessing them."[33] The Government also argues both attorneys' phone numbers were unregistered and, thus, the calls are not privileged.[34] The

---

[20] *Id.* at 13–16.
[21] *Id.* at 16–18.
[22] *Id.* at 18–19.
[23] *Id.* at 19–20.
[24] *Id.* at 21–22 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).
[25] *Id.* at 19.
[26] *See id.* at 1–2 (alleging several due process violations).
[27] *Id.* at 23.
[28] Dkt. 405 at 4.
[29] *Id.*
[30] *Id.* at 11.
[31] *Id.* at 16–17.
[32] *Id.* at 4.
[33] *Id.* at 17.
[34] *Id.* at 18.

3

Government also denies the remainder of Stoltenberg's allegations, including the alleged due process and *Brady* violations.[35]

### C. Final Report and Recommendation

Chief Magistrate Judge Scoble recommends the Court deny the Motion as procedurally improper.[36] According to the Magistrate Judge, a defendant cannot move to dismiss before trial based on prosecutorial misconduct unless the defendant claims the misconduct impacted the grand jury proceedings or the indictment itself.[37] In other words, a defendant cannot move to dismiss before trial based on prosecutorial misconduct that either (1) happens after an indictment is filed, which would include all Sixth Amendment violations,[38] or (2) does not impact the grand jury proceedings and/or the indictment itself, even if the misconduct would impact the fairness of an upcoming trial. The Magistrate Judge says,

> This Court's supervisory power is therefore limited because Stoltenberg's case is at the pretrial stage and because Stoltenberg has failed to allege that prosecutorial misconduct occurred in relation to the September 2019 superseding indictment. . . . The cases cited by Stoltenberg involved trials, arguments attacking the indictment, and different requests for relief intended to cure the denial of the right to a fair trial or defects in the grand jury proceedings. Again, no trial has yet occurred, and Stoltenberg does not allege deficiencies in the September 2019 grand jury proceedings. Whatever remedies may be available in theory following the outcome of an eventual trial, none obtain here, prior to trial.[39]

To support this proposition, the Magistrate Judge relies on several cases, discussed in more detail below, in which defendants challenged grand jury proceedings or raised prosecutorial misconduct following trial.

### D. Objections

Stoltenberg objects to the R&R on the basis that the Court should reach the merits. He asserts, "The defense is convinced the Court is determined to resolve this case on the substantive merits because despite the threat from COVID-19, the Judge executed a series of evidentiary hearings over numerous months. The purpose of these evidentiary hearings was to get to the truth so these Constitutional issues could be resolved on the merits."[40] Stoltenberg also asserts he filed another motion to dismiss on November 8, 2021, in an attempt to cure any possible procedural defects.[41]

---

[35] *Id.* at 21–36.
[36] Dkt. 681.
[37] *Id.* at 4–5.
[38] *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (the Sixth Amendment right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment").
[39] Dkt. 681 at 4–5.
[40] Dkt. 689 at 1.
[41] *Id.*

He concludes the objection by reiterating, "This is at least the third case in Alaska where the FBI has conducted surveillance operations and intercepted confidential Attorney—Client communications. . . . Despite the Court's intervention [in those cases], the FBI continues surveillance operations of confidential communications in Alaska."[42]

The Government does not object to the R&R.[43] However, the Government does not explicitly endorse the R&R's procedural analysis, which the Magistrate Judge raised *sua sponte*.[44]

### E. Discussion

Having reviewed the R&R, Stoltenberg's objections, and relevant portions of the record, the Court concludes the Motion is procedurally proper and agrees with Stoltenberg that it must be considered on the merits.

A district court may dismiss an indictment under two theories relevant to Stoltenberg's Motion.[45] First, a district court may dismiss an indictment for a violation of due process.[46] To do so, the "government conduct must be so grossly shocking and outrageous as to violate the universal sense of justice."[47] Second, if the government's conduct does not violate due process, the district court can still dismiss an indictment under its supervisory powers.[48] A court may exercise its supervisory powers to further three objectives: (1) "to implement a remedy for the violation of a recognized statutory or constitutional right," (2) "to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury," or (3) "to deter future illegal conduct."[49] However, because dismissal is a "drastic step" and, thus, "a disfavored remedy,"[50] a district court may properly use its supervisory powers to dismiss an indictment for prosecutorial misconduct only if the misconduct was flagrant, caused substantial prejudice to the defendant, and no lesser remedial action is available.[51] If a case involves prosecutorial misconduct that is "neither flagrant

---

[42] *Id.* at 5.
[43] Dkt. 694 (Statement of No Objection).
[44] *See id.*; *see also* Dkt. 405.
[45] A district court may also dismiss an indictment on statutory grounds. *See United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988). Stoltenberg has not asserted a statutory basis for dismissal.
[46] *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993).
[47] *Id.* "There is no bright line dictating when law enforcement conduct crosses the line between acceptable and outrageous, so 'every case must be resolved on its own particular facts.'" *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013).
[48] *Kearns*, 5 F.3d at 1253.
[49] *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008) (internal quotations omitted); *United States v. Hasting*, 461 U.S. 499, 505 (1983); *see also United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991) ("Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available. For example, a Fourth Amendment violation may properly result in dismissal if the violation is not adequately remedied by application of the exclusionary rule.").
[50] *Jacobs*, 855 F.2d at 655.
[51] *Chapman*, 524 F.3d at 1087. The Ninth Circuit has held that "accidental or merely negligent governmental conduct is insufficient to establish flagrant misbehavior," but the government's

nor prejudicial, a district judge can still sanction the misconduct, but the sanction chosen must be proportionate to the misconduct."[52]

Applying this framework, district courts within the Ninth Circuit have considered on the merits whether to dismiss indictments before trial based on prosecutorial misconduct of the type Stoltenberg has alleged here.[53] The Court concludes Stoltenberg's motion should similarly be considered on the merits.

The Magistrate Judge reached a different conclusion, finding Stoltenberg's motion is procedurally improper. However, the cases on which the Magistrate Judge relies do not preclude a defendant from filing a pretrial motion to dismiss an indictment based on prosecutorial misconduct. While most of these cases happen to involve trials or the propriety of grand jury proceedings, and, thus, involve certain arguments that are inapplicable here, they do not hold that a defendant cannot raise prosecutorial misconduct as a basis for dismissal before trial. Nor do they hold that a district court is powerless to dismiss a case before trial based on prosecutorial misconduct, even where the misconduct did not impact the grand jury proceedings or indictment.

For example, *United States v. Ross*,[54] on which the Magistrate Judge relies for the proposition that a district court's supervisory power is limited at the pretrial stage,[55] involved the scope of a district court's authority to consider a motion to dismiss based on prosecutorial misconduct where the case was on remand for resentencing following a defendant's conviction and appeal.[56] The Ninth Circuit concluded the district court had authority to consider the defendant's motion for dismissal or new trial, so long as it did not consider arguments the Ninth Circuit had rejected during the defendant's prior appeal.[57] The Ninth Circuit explained, "[i]t would be unreasonable, though, to conclude that, in properly asserting jurisdiction over a new trial motion that alleges new evidence, a court may not also reserve the right to dismiss the indictment if subsequent proceedings warrant

---

"reckless disregard for the prosecution's constitutional obligations" can be enough. *Id.* at 1085 ("We have never suggested, however, that 'flagrant misbehavior' does not embrace reckless disregard for the prosecution's constitutional obligations."); *see id.* at 1090 (upholding dismissal where the "government egregiously failed to meet its constitutional obligations under *Brady* and *Giglio*").

[52] *Jacobs*, 855 F.2d at 655.
[53] *See, e.g.*, *United States v. Guzman-Solis*, No. CR1401729001TUCCKJ, 2015 WL 13283396, at *5 (D. Ariz. Oct. 19, 2015) (considering whether to dismiss indictment before trial where the prosecution team accessed recordings of jail telephone calls between defendant and his counsel); *United States v. Babichenko*, No. 1:18-CR-00258-BLW, 2020 WL 4462497, at *2 (D. Idaho Aug. 3, 2020) (considering whether to dismiss indictment before trial where the government accessed emails between defendant and his prior counsel).
[54] 372 F.3d 1097 (9th Cir. 2004).
[55] Dkt. 681 at 4 ("This Court's supervisory power is therefore limited because Stoltenberg's case is at the pretrial stage and because Stoltenberg has failed to allege that prosecutorial misconduct occurred in relation to the September 2019 superseding indictment.") (citing *Ross*, 372 F.3d at 1107).
[56] *Ross*, 372 F.3d at 1105–07.
[57] *Id.* at 1106–07.

such a remedy."[58] Thus, *Ross* does not stand for the proposition that a district court's supervisory power is limited at the pretrial stage. In fact, *Ross* holds that even on a limited-purpose remand, the district court retains supervisory power to dismiss an indictment if dismissal is warranted.[59] *Ross*, therefore, shows that a district court has broad authority to consider on the merits whether prosecutorial misconduct warrants dismissal.

Similarly, *United States v. Williams*,[60] on which the Magistrate Judge relies for the proposition that Stoltenberg was required to challenge the propriety of the grand jury proceedings or indictment,[61] is inapplicable here because it dealt only with the scope of a prosecutor's obligations during grand jury proceedings. The Court in *Williams* was asked to decide only whether a district court could dismiss an otherwise valid indictment on the ground that the government failed to disclose exculpatory evidence to the grand jury.[62] The case does not bear on whether a defendant can move to dismiss based on prosecutorial misconduct that happens outside of grand jury proceedings. While the Magistrate Judge is correct to observe that *Williams*, like several cases on which the Magistrate Judge relies, involves arguments Stoltenberg has not raised, the Court cannot infer from *Williams* that Stoltenberg was required to raise those arguments.[63]

In contrast to *Williams* and *Ross*, *United States v. Morrison*,[64] also cited by the Magistrate Judge,[65] provides an example of the Supreme Court reaching the merits of a pretrial motion to dismiss based on post-indictment prosecutorial misconduct.[66] The defendant in *Morrison* moved to dismiss before trial based on an alleged violation of her Sixth Amendment right to counsel.[67] The district

---

[58] *Id.*

[59] *See id.*

[60] 504 U.S. 36 (1992).

[61] Dkt. 861 at 4 ("Stoltenberg raised several grounds for relief but failed to establish that any prosecutorial misconduct affected the integrity of grand jury proceedings.") (citing *Williams*, 504 U.S. at 46).

[62] *United States v. Williams*, 504 U.S. 36, 37–38 (1992).

[63] If anything, *Williams* undermines the theory that prosecutorial misconduct must be raised during or following trial unless it impacts the grand jury or indictment. The *Williams* court noted that courts have exercised their supervisory powers "not only to improve the truth-finding process of the trial, but also to prevent parties from reaping benefit or incurring harm from violations of substantive or procedural rules (imposed by the Constitution or laws) governing matters apart from the trial itself." *Williams*, 504 U.S. at 46 (internal citations omitted). Relying on this language from *Williams*, the Ninth Circuit said in *Ross*, "Though Agent Tellez's misconduct did not occur in the midst of the trial, the supervisory power may be used 'to prevent parties from reaping benefit or incurring harm from violations of substantive or procedural rules (imposed by the Constitution or laws) governing matters apart from the trial itself.'" *Ross*, 372 F.3d at 1109–10 (quoting *Williams*, 504 U.S. at 46).

[64] 449 U.S. 361.

[65] Dkt. 681 at 3. ("A defendant must prove actual prejudice if they seek a dismissal of an indictment due to prosecutorial misconduct.") (citing *Morrison*, 449 U.S. at 365–66).

[66] *See generally Morrison*, 449 U.S. 361.

[67] *Id.* at 363.

court denied the motion, and the Third Circuit reversed.[68] The Supreme Court overturned the Third Circuit on the merits, holding that dismissal is inappropriate where the defendant failed to establish, or even assert, that she suffered prejudice.[69] Although the Court held dismissal was unwarranted, *Morrison* shows that courts can and do consider pretrial motions to dismiss on the merits where the defendant alleges prosecutorial misconduct that did not impact the grand jury proceedings or indictment. *Morrison* also implies that a district court can dismiss a case before trial based on a Sixth Amendment violation if the defendant establishes prejudice. Here, at a minimum, Stoltenberg has alleged he "suffered prejudice" because the Government accessed "confidential discussions about evidence and trial strategy."[70] Whether Stoltenberg has established a constitutional violation, whether he has suffered prejudice, and whether dismissal is an appropriate remedy, are questions the Court can and should reach on the merits.

Further, Stoltenberg's Motion is properly raised under the Federal Rules of Criminal Procedure. Federal Rule of Criminal Procedure ("Rule") 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[71] This Rule permits a defendant to raise by pretrial motion any request "capable of determination without the trial of the general issue."[72] As the Ninth Circuit has explained,

> A pretrial motion is generally "capable of determination" before trial if it involves questions of law rather than fact. However, "a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact."[73]

A pretrial motion to dismiss based on prosecutorial misconduct makes a "request that the court can determine without a trial on the merits."[74] This reading of Rule 12 has been implicitly endorsed by courts in the Ninth Circuit, which frequently reach the merits of pretrial motions to dismiss based on prosecutorial misconduct without questioning their procedural propriety.[75] The Motion is, therefore, properly raised under both the Rules and applicable caselaw.

Moreover, courts reach the merits of these motions for good reason. If the government's conduct has made it impossible for a defendant to receive a fair trial, it serves neither the defendant's nor the government's interest to subject the defendant to trial only to have the result undone on appeal. And if the government's behavior does not warrant dismissal, a court may consider whether lesser sanctions would mitigate harm to the defendant at trial.

---

[68] *Id.*
[69] *Id.* at 365–67.
[70] Dkt. 383 at 20.
[71] Fed. R. Crim. P. 12(b)(1).
[72] *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (internal quotations omitted); *see also United States v. Beal*, No. 18-CR-00070-DKW-12, 2021 WL 2325331, at *1–2 (D. Haw. June 7, 2021).
[73] *Id.* (internal citations omitted).
[74] Fed. R. Crim. P. 12(b)(1).
[75] *See, e.g., Guzman-Solis*, 2015 WL 13283396, at *5; *Babichenko*, 2020 WL 4462497, at *2.

8

As discussed above, a district court is empowered to consider the merits of a pretrial motion to dismiss premised on prosecutorial misconduct, even if the misconduct did not impact the grand jury proceedings or indictment. While defendants face a high bar to establish dismissal is warranted, and while the district court may consider less drastic remedies, such motions do not categorically fail on procedural grounds. Accordingly, the Court **REJECTS** the R&R and **RESUBMITS** the Motion to the Chief Magistrate Judge for consideration on the merits in an omnibus report and recommendation addressing all outstanding motions in this case.

### F. Conclusion

The Court concludes the Motion is procedurally valid and must be considered on the merits. Accordingly, the Court **REJECTS** the R&R at Docket 681 and **RESUBMITS** the matter to the Chief Magistrate Judge for consideration on the merits in an omnibus report and recommendation addressing Docket 383 along with all outstanding motions in this case. The Court highlights the importance of reaching the merits of the Motion despite any conceivable procedural issues not raised in the R&R.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 22, 2021.